**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 11-4927**

───────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CHRISTOPHER SINGLETARY,

                Defendant - Appellant.

───────────────

**No. 11-4981**

───────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

STEFON SMITH, a/k/a Steady,

                Defendant - Appellant.

───────────────

Appeals from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:10-cr-00267-JFM-2; 1:10-cr-00267-JFM-1)

───────────────

Submitted: May 22, 2012         Decided: June 12, 2012

───────────────

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

———————————

Harry D. McKnett, Columbia, Maryland; Pat M. Woodward, Jr., Annapolis, Maryland, for Appellants.  Rod J. Rosenstein, United States Attorney, Philip S. Jackson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Singletary and Stefon Smith appeal their convictions. Both Appellants were convicted of being a felon in possession of a firearm and aiding and abetting such possession, in violation of 18 U.S.C. §§ 2, 922(g)(1) (2006). Smith was also convicted of conspiracy to distribute and possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846 (2006). The Appellants claim that the district court erred by denying their motion to suppress evidence seized after a traffic stop. They contend that the traffic stop was not supported by a reasonable and articulable suspicion of criminal activity. Finding no error, we affirm.

This court reviews the district court's legal determinations de novo and its factual conclusions for clear error. United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008). A factual finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed. United States v. Hall, 664 F.3d 456, 462 (4th Cir. 2012). Because the district court denied the Appellants' motion, the evidence is construed in the light most favorable to the Government. Branch, 537 F.3d at 337.

Police are justified in stopping a vehicle if it is observed that the driver is violating a traffic law. See United States v. Hassan El, 5 F.3d 726, 729 (4th Cir. 1993); see also United States v. Ortiz, 669 F.3d 439, 444 (4th Cir. 2012) (law enforcement may stop a vehicle that is observed violating a traffic law). The stop remains justified even if the police were motivated to stop the vehicle by some subjective, inarticulable belief that the occupants were engaged in more egregious criminal behavior. Hassan El, 5 F.3d at 730.

The evidence showed that Deputy Parker, who concluded that Smith was speeding, was sufficiently trained and that he tested the radar unit prior to the beginning of his shift. We conclude that the evidence also supports the district court's finding that the radar unit was working properly. The evidence further supports the finding that prior to Deputy Funk stopping the vehicle, Parker communicated to Funk that Smith was speeding. Accordingly, the traffic stop was supported by a reasonable and articulable suspicion that the vehicle, driven by Smith, was in violation of a traffic law.[*]

---

[*] Because the traffic stop was based on a reasonable and articulable suspicion that the car was speeding , the court need not consider the Appellants' argument that the authorities erred in relying on an anonymous tip.

4

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>